

U.S. Department of Justice

United States Attorney
Central District of Illinois
Headquarters Office

| | | |
|---|---|---|
| Rodger A. Heaton<br>United States Attorney | 318 South 6th Street<br>Springfield, IL 62701-1806 | TEL: (217) 492-4450<br>FAX: (217) 492-4512 |

August 8, 2006



FILED

MAR 2 8 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Via Facsimile: 217-544-8775

Mr. Jon Noll
Attorney at Law

Re: Jermarel P. Jackson / Covert cooperation and testimony / Second Agreement

Dear Mr. Noll:

  It is my understanding that your client, Jermarel P. Jackson, desires to cooperate with the government in its efforts to enforce federal and state law on the condition that his statements are protected by a grant of conditional direct use immunity. This letter is intended as a grant of conditional direct use immunity.

  As you are aware, Mr. Jackson entered into an agreement identical to this one on July 23, 2006. As a result of his activities in the Pike County Jail, the immunity granted by that letter has been revoked and Mr. Jackson's statements to date are not deemed excluded. The immunity granted by this agreement encompasses authorized actions and statements by Mr. Jackson starting on August 8, 2006, at 5:00 p.m.

  To avoid any misunderstanding, the specific terms of this grant of conditional direct use immunity are as follows.

  1. The government agrees that no statement made or information provided pursuant to this agreement may be used directly as evidence against your client in any criminal case, excepting (1) a prosecution for making a false statement or perjury, (2) use as impeachment or rebuttal evidence should your client subsequently testify or take a factual position contrary to the information he provides, and (3) as evidence in any forfeiture proceeding commenced by the government. The government will be free to make indirect, or derivative, use of his statements. This agreement means only that your client made certain incriminating statements pursuant to this agreement and that they may not be introduced as direct evidence against him. The government will also remain free to discharge its duty to the court by informing the court of any information your client provides. The court will be notified that such information was obtained pursuant to this

AUG. 8. 2006 4:32PM    TTY'S OFFICE    NO. 484    P. 3

grant of use immunity.

2. In return, your client agrees that he will provide complete and truthful information to law enforcement officials regarding his criminal conduct and everything he knows or has reason to believe about the criminal conduct of others. Your client also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control which relate to the information he provides.

3. Your client agrees to provide complete and truthful testimony to any federal or state grand jury, trial jury, or magistrate in any proceeding in which he may be called to testify by the government or state prosecutors. Additionally, your client agrees as a condition of the government's grant of conditional direct use immunity that he must not engage in any criminal activity.

4. You and your client further acknowledge and agree that the government's grant of conditional direct use immunity herein is entirely conditioned, among other requirements, upon your client's complete compliance with Paragraphs 2 and 3. Should your client knowingly make any materially false statement or omission in providing information or testimony under this agreement, or in any other way violate any of the terms of this agreement, the government will be entitled to use his statements and evidence he provides, directly and indirectly, to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury.

5. Your client must neither conceal nor minimize his own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. He must be completely truthful about the facts whatever those may be.

6. The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

7. Your client agrees to act in a covert capacity on behalf of the government to assist in gathering evidence of illegal drug trafficking and other crimes. In such a covert role he agrees that he will act solely at the direction and under the supervision of agents of the Drug Enforcement Administration (DEA), Federal Bureau of Investigation (FBI), and other agents working with those agencies, (hereafter referred to as your supervising agents) and agree to strictly follow all directions given to him by such agents or this

office.

8. You client agrees that he will not engage in any criminal activity of any kind, including any use of any controlled substance, without the prior knowledge and approval of your supervising agents and this office.

9. Your client agrees that he will not initiate any contact with the subjects of any governmental investigation without the prior knowledge and approval of his supervising agents.

10. Your client agrees that he will not tell anyone anything about any government investigation or his own cooperation without the prior knowledge and approval of his supervising agents.

11. At this time, the government is not making and has not made any promise or commitment of any kind to your client regarding the prosecution of any offense or the sentence in any case. The government agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your client's cooperation.

12. Should any federal charges be filed against your client, the government reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the advisory sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the government's evaluation of the nature, extent, and value of your client's assistance, including his truthfulness.

13. Any material breach of any provision of this agreement by your client will void this agreement in its entirety and will release the government from any obligation under this agreement.

This letter embodies the entirety of the government's conditional direct use immunity agreement with your client. No other promise or agreement exists between your client and the government regarding immunity.

Very truly yours,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY

s/ John Childress

John E. Childress
Assistant United States Attorney

## AGREED

We have read this letter entirely, and we understand and completely agree to the above terms. No promises have been made other than those stated in this letter regarding cooperation or immunity.

| | |
|---|---|
| JERMArel JACKSON | 8/11/06 |
| Jermarel Jackson | Date |
| | |
| s/ Jon Gray Noll | 8/9/06 |
| Jon Noll | Date |
| Attorney for Jermarel Jackson | |
| | |
| s/ John Childress | 8/22/06 |
| John E. Childress | Date |
| Assistant United States Attorney | |

4