IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 06-30060 |
| ) | |
| JERMAREL JACKSON, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENT TO COMMENTARY ON SENTENCING**

**NOW COMES** JERMAREL JACKSON, by and through his attorney, Jon Gray Noll, and for his Supplement to Commentary on Sentencing, states to this Honorable Court that:

**BACKGROUND**

On July 19, 2006, the Defendant was arrested for conspiracy to distribute cocaine base ("crack"). He was subsequently indicted for this charge in a single-count indictment on August 3, 2006, along with co-defendant, Dwayne Jett. Subsequently, on September 1, 2006, the Government filed an information, pursuant to Title 21 United States Code Section 851, placing the Defendant on notice that the Government intended to rely upon his two prior felony drug convictions during their prosecution of the instant offense. In the event of a conviction in the present case, this notice would trigger an automatic mandatory sentence of life in prison.

The Defendant, through his attorney, entered into a cooperation agreement with the government and provided substantial assistance pursuant to that agreement.

On March 28, 2007, the Defendant entered an open plea of guilty to the indictment.

Defendant's Commentary on Sentencing was filed on January 11, 2008. Sentencing is presently scheduled for January 25, 2008.

## **SUPPLEMENTARY INFORMATION**

1. Since the filing of Defendant's Commentary on Sentencing on January 11, 2008, a new case, *United States of American v. Francisco Medina Casteneda,* 2008 U.S. App. LEXIS 803, has been handed down by the United States Court of Appeals for the Ninth Circuit on January 15, 2008. A copy of the Court's opinion is attached hereto as Exhibit 1 and incorporated herein by the reference.

This *Casteneda* opinion may well be dispositive in the instant matter.

Counsel for the Defendant has alerted the Court of the *Casteneda* opinion and that he would be filing this supplement to his Commentary on Sentencing.

2. On Tuesday, January 22, 2008, counsel for the Defendant met with him at the Pike County Jail. In the course of that discussion, Defendant was asked if there were any further additions of corrections to be made to the sentencing commentary. He asked that it be noted that he has had prior employment, with an uncle in the construction business, and that he believed that he did pay income taxes during that time.

**WHEREFORE**, the Defendant, Jermarel Jackson, prays this Honorable Court to:

1. Consider the case law and argument set forth in this supplement and his commentary.

2. Sentence the Defendant to a just sentence reflecting all necessary considerations as set forth above.

2

   3. To make a recommendation to the Bureau of Prisons that the Defendant be placed in intensive drug treatment during his time of incarceration.

   4. To make a recommendation to the Bureau of Prisons to place the Defendant in a facility as close to Chicago, Illinois as possible.

   5. To do take such further and other actions as are necessary in the interest of Justice.

>Respectfully submitted,
>
>**JERMAREL JACKSON**, Defendant
>
>BY:   /s Jon Gray Noll
>Jon Gray Noll 02060108
>Attorney for Defendant
>Noll Law Office
>802 South Second Street
>Springfield, IL 62704
>Telephone: (217) 544-8441
>Fax: (217) 544-8775
>E-mail: noll@noll-law.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Gregory Gilmore
U. S. Attorney's Office
318 South 6th Street
Springfield, IL 62701

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Jermarel Jackson
Menard County Jail
P.O. Box 476
Petersburg, IL 62675-0476

/s Jon Gray Noll
Jon Gray Noll 02060108
Attorney for Defendant
Noll Law Office
802 South Second Street
Springfield, IL 62704
Telephone: (217) 544-8441
Fax: (217) 544-8775
E-mail: noll@noll-law.com

1 of 1 DOCUMENT

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. FRANCISCO MEDINA CASTENEDA, Defendant-Appellant.

No. 05-10372

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

2008 U.S. App. LEXIS 803

April 16, 2007, Argued and Submitted, San Francisco, California
January 15, 2008, Filed

**PRIOR HISTORY:** [*1]
Appeal from the United States District Court for the Eastern District of California. D.C. No. CR-03-00549-EJG. Edward J. Garcia, District Judge, Presiding.
*United States v. Casteneda*, 241 Fed. Appx. 411, 2007 U.S. App. LEXIS 17730 (9th Cir. Cal., 2007)

**COUNSEL:** John Balazs, Sacramento, California, for the appellant.

Thomas E. Flynn, Assistant U.S. Attorney, Sacramento, California; James Hitt, Assistant U.S. Attorney, Sacramento, California, for the appellee.

**JUDGES:** Before: Alfred T. Goodwin, Dorothy W. Nelson, and Consuelo M. Callahan, Circuit Judges.

**OPINION BY:** Dorothy W. Nelson

**OPINION**

D.W. NELSON, Senior Circuit Judge:

Francisco Medina-Casteneda appeals his jury conviction and sentence for (1) conspiracy to distribute and conspiracy to possess with the intent to distribute cocaine and cocaine base in violation of *21 U.S.C. §§ 841 and 846*; (2) possession with intent to distribute cocaine base in violation of *21 U.S.C. § 841(a)(1)*. We have jurisdiction to review the conviction under *28 U.S.C. § 1291* and the sentence under *18 U.S.C. § 3741*. On Medina-Casteneda's petition for rehearing we reaffirm his conviction, but in light of the recent Supreme Court decision in *Kimbrough v. United States*, we vacate the sentence and remand to the district court for re-sentencing.

BACKGROUND

On December 18, 2003, the government charged [*2] Medina-Casteneda, Marcos Garcia, Rolando Medina, and Manuel Lopez with drug trafficking offenses revealed during an undercover investigation. The investigation involved drug purchases by undercover officers, coordinated police surveillance, and a search pursuant to a search warrant. The search yielded a bag of methamphetamine, two bags of rock cocaine, four bags of approximately 20-30 grams of cocaine base, guns, and plastic "kilo" wrappers and a coffee pot with cocaine residue. The district court denied both a motion to suppress evidence obtained in the search and a request for a *Franks* hearing.

The government proceeded to trial with Medina-Casteneda on the charges of (1) conspiracy to distribute and conspiracy to possess with the intent to distribute cocaine and cocaine base in violation of *21 U.S.C. §§ 841 and 846*; (2) possession with intent to distribute cocaine base in violation of *21 U.S.C. § 841(a)(1)*; and (3) possession with intent to distribute methamphetamine in violation of *21 U.S.C. § 841(a)(1)*. A jury found Medina-Casteneda guilty of the first two counts. During sentencing, Medina-Casteneda asked the court to reduce the sentence based upon the 100:1 sentencing disparity [*3] between crack and powder cocaine offenses under the Guidelines. The district judge noted that he did not "believe it's appropriate for the Court to specifically reduce a sentence under *18 U.S.C. 3553(a)* on the basis that the Congress and the U.S. Sentencing Commission are wrong in establishing different penalties for different types of controlled

substances."

The district court sentenced Medina-Casteneda to 327 months imprisonment, 120 months supervised release, and a $ 200 special assessment. Medina-Casteneda filed a timely notice of appeal challenging both the conviction and the sentence. On July 18, 2007, we affirmed the conviction and sentence with a memorandum disposition. In a Petition for Rehearing, Medina-Casteneda requested that we reconsider our decision in light of the Supreme Court's then-pending decision in *Kimbrough v. United States*, No. 06-6330. In light of the recent *Kimbrough* decision, *128 S. Ct. 558, 169 L. Ed. 2d 481 (2007)*, we grant the petition in part, vacate the sentence, and remand to the district court.

DISCUSSION

I. Cocaine Sentencing Disparity

In recent months, both the United States Sentencing Commission and the Supreme Court criticized the 100-to-1 sentencing disparity between [*4] offenses involving crack and powder cocaine. *See* U.S. SENTENCING COMM'N, REPORT TO THE CONGRESS: COCAINE AND FEDERAL SENTENCING POLICY 8 (May 2007), available at http://www.ussc.gov/r_congress/cocaine2007.pdf; *Kimbrough*, 128 S. Ct. at 568. "[T]he crack/powder disparity produces disproportionately harsh sanctions, i.e., sentences for crack cocaine offenses 'greater than necessary' in light of the purposes of sentencing set forth in § 3553(a)." *Kimbrough*, 128 S. Ct. at 575. Consequently, the Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary.'" *Id.* Indeed, "[t]o reach an appropriate sentence, . . . disparities must be weighed against the other § 3553(a) factors and any unwarranted disparity created by the crack/powder ratio itself." *Kimbrough*, 128 S. Ct. at 574.

In the instant case, Medina-Casteneda asked the district court to consider the 100-to-1 disparity when determining his sentence for offenses involving crack cocaine. The judge responded,

> I don't believe it's appropriate for the Court to specifically reduce a sentence under *18 U.S.C. 3553(a)* [*5] on the basis that the Congress and the U.S. Sentencing Commission are wrong in establishing different penalties for different types of controlled substances. . . . To the extent the difference in penalties are out of whack, it's for the Congress to change them, not this trial court.

These statements demonstrate that the district court did not foresee the extension of its *Booker* discretion that would be announced two years later by the Supreme Court in *Kimbrough*. Thus, the district court did not feel free to consider whether "any unwarranted disparity created by the crack/powder ratio" produced a sentence "'greater than necessary' to achieve § 3553(a)'s purposes." *Id.* at 574-75.

We vacate the sentence and remand to the district court to reconsider the sentence in light of the *Kimbrough* decision and to determine whether the disparity between crack and powder cocaine produced a sentence "greater than necessary" under § 3553(a). As noted above, this issue comes before the panel as a Petition for Rehearing. We grant the Petition for Rehearing with respect to the foregoing issue and we reproduce the relevant portions of our Memorandum Disposition issued July 18, 2007, to address the remaining [*6] arguments in this case.

II. Readback of Testimony

The district court did not abuse its discretion in denying the jury's request to read back Marcos Garcia's testimony. After the jury requested the read back of Garcia's testimony, the judge consulted with counsel for both sides without the jury present. He explained that in accordance with Ninth Circuit case law, he ordinarily discouraged rereads because of the tendency of the jury to focus on one particular piece of evidence at the expense of other evidence. Counsel for the appellant agreed that Garcia's testimony should not be reread to the jury unless the jury asked for the testimony to be reread at some future point in its deliberations. In light of the district court's great latitude to address requests for readbacks and its recognition of the problems associated with readbacks, we hold that the judge's decision to deny the requested readback was not an abuse of discretion. *See United States v. Nolan, 700 F.2d 479, 486 (9th Cir. 1983)* (finding no error in the court's refusal to have testimony reread and recognizing that the decision enjoys a great deal of discretion).

The district court also did not abuse its discretion by

granting [*7] the request for a reread of Detective Filopowski's testimony. Appellant asserts that the district court erred when it allowed the jury to have Detective Filipowski's testimony reread without ensuring that the jury did not unduly emphasize it, citing *United States v. Hernandez*, 27 F.3d 1403, 1408-09 (9th Cir. 1994). We hold that the appellant waived this claim by agreeing that Detective Filipowski's testimony could be reread without such an admonition. In particular, counsel for both sides were provided with the controlling law. Therefore, Medina-Casteneda waived the argument that the reread of Detective Filipowski's testimony without proper instruction was error. *See United States v. Burt*, 143 F.3d 1215, 1217 (9th Cir. 1998) ("A defendant's right to challenge a [judicial ruling] is waived if the defendant considered the controlling law and in spite of being aware of the applicable law, proposed or accepted a flawed instruction.") (internal quotation marks omitted).

III. Closing Argument

The misstatement of the reasonable doubt standard during closing argument did not constitute plain error that would entitle Medina-Casteneda to a reversal of his conviction. We have held that in order [*8] to show that a misstatement of law affects the substantial rights of a defendant, the defendant must demonstrate that the error was prejudicial. *See Sims v. Brown*, 425 F.3d 560, 579 (9th Cir. 2005). In this case, neither party disputes that the jury instructions properly defined the beyond a reasonable doubt standard. "The jury is regularly presumed to accept the law as stated by the court, not as stated by counsel." *United States v. Rodrigues*, 159 F.3d 439, 451 (9th Cir. 1998). This presumption has not been overcome in this case as there is no evidence that the jury was confused by the proof beyond a reasonable doubt standard. The jury never sought clarification of the standard, and the likely prejudicial effects of this misstatement of the law on the defendant in the context of the extensive closing arguments by both sides and proper jury instructions is very low (indeed the prosecutor correctly described the standard a couple of sentences earlier in the closing argument).

IV. Voir Dire

The district court did not abuse its discretion in rejecting Medina-Casteneda's proposed voir dire question to the jury about its willingness to follow a limiting instruction regarding evidence of his [*9] prior conviction. A district court has considerable discretion to accept or reject proposed voir dire questions and, as long as it conducts an adequate voir dire, its rejection of specific questions is not error. *United States v. Giese*, 597 F.2d 1170, 1182-83 (9th Cir. 1979). In this case, the district court adequately addressed the issue in Medina-Casteneda's proposed voir dire question by asking a more general question regarding the juror's ability to follow the law in accordance with the judge's instruction. We therefore hold that the district court did not abuse its discretion and that the voir dire in this case was conducted adequately.

V. *Franks* Hearing

Assuming arguendo Medina-Casteneda made a substantial preliminary showing that the affiant intentionally or recklessly omitted information showing the number of people that Garcia came into contact with prior to the drug transaction with the undercover police officers on November 18, 2003, a corrected or supplemented affidavit would still "provide a magistrate with a substantial basis for concluding that probable cause existed." *United States v. Stanert*, 762 F.2d 775, 780, 782 (9th Cir. 1985) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978)). [*10] The Supreme Court has held that "[t]he critical element in a reasonable search [of a property] is not that the owner of the property is suspected of crimes but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556, 98 S. Ct. 1970, 56 L. Ed. 2d 525 (1978). For purposes of probable cause to search the residence on 1728 East Avenue, the sufficiency of the information in the affidavit to support a probable cause finding that Medina-Casteneda was the provider of the drugs is irrelevant. Instead, what is relevant is whether there was sufficient information to support a probable cause finding that the 1728 East Avenue residence contained evidence of drugs. Even if the affidavit were supplemented with the omitted details from the police surveillance report regarding the number of people Garcia came into contact with, it would have no effect on the probable cause finding concerning the property.

The other information that Medina-Casteneda argues was intentionally omitted or falsely represented also did not address the residence. In particular, purported misstatements about Medina-Casteneda's [*11] prior

convictions and the police officer's alleged erroneous prior identification of Medina-Casteneda on November 18, 2003, would not have materially affected the probable cause determination regarding the 1728 East Avenue residence.

CONCLUSION

For the foregoing reasons we affirm the conviction in part, vacate the sentence, and remand to the district court for resentencing.

Conviction **AFFIRMED** in part, sentence **VACATED**, and case **REMANDED**.